IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:11-CR-8-WKW |
| | ) | [WO] |
| ANTHONY DARELL TALLIE | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant has filed a motion for compassionate release in which he seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. # 645.) The Government opposes the motion (Doc. # 650), and it is due to be denied.

## I. BACKGROUND

On August 21, 2012, after pleading guilty to aiding and abetting attempted motor vehicle theft and to aiding and abetting the brandishing of a firearm in furtherance of a crime of violence, Mr. Tallie was sentenced to 78 months in prison, to be followed by a 5-year term of supervised release. (Doc. # 405.) On January 16, 2020, Defendant's supervised release was revoked following his admission of guilt to four violations of his release conditions. (Doc. # 639.) Mr. Tallie was ordered to serve 8 months' imprisonment, with no term of supervised release to follow. *Id.* He is presently incarcerated at the Montgomery County Jail. (Doc. # 646, at 3.) Mr.

Tallie requests compassionate release under § 3582(c)(1)(A) because of the current COVID-19 pandemic. (Doc. # 645).

## II. STANDARD OF REVIEW

Section 3582, as amended by the First Step Act, states that courts generally cannot alter or modify a term of imprisonment after imposition, but the court can reduce an inmate's term of imprisonment upon a motion for sentence modification from the Bureau of Prisons or from a prisoner, where the prisoner has exhausted administrative remedies. 18 U.S.C. § 3582(c)(1)(A). A prisoner can exhaust administrative remedies by (1) pursuing all avenues of appeal of the BOP's failure to bring a motion for modification of sentence, or (2) by filing a request for relief with the warden to which the warden does not respond within 30 days. *Id*.

Relevant to this case, the court can grant a motion for modification of sentence where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting a sentence reduction, the court must consider the factors in § 3553(a), if applicable, and determine whether they support a reduction. 18 U.S.C. § 3582(c)(1)(A). In general, the defendant has the burden to show circumstances meeting the test for a reduction of sentence. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013); *see also United States v. Heromin*, 2019 U.S. Dist. LEXIS 96520, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (applying this burden of proof after the implementation of the First Step Act).

*United States v. Mollica*, No. 2:14-CR-329-KOB, 2020 U.S. Dist. LEXIS 94094, at *3–4 (N.D. Ala. May 29, 2020).

2

## III.  DISCUSSION

**A.     Mr. Tallie has failed to exhaust his administrative rights.**

Courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016); *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) ("Where Congress specifically mandates, exhaustion is required."). This statute's exhaustion requirement is no exception. *United States v. Alam*, No. 20-1298, 2020 U.S. App. LEXIS 17321, at *6 (6th Cir. June 2, 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."). Furthermore, the defendant must exhaust or wait 30 days *before* he or she files a motion for compassionate release. *Id.* at *12 (dismissing a § 3582(c)(1)(A)(i) motion without prejudice because the movant's 30-day window did not close until after the motion was filed).

Defendant argues that he has exhausted his administrative rights because he "is not currently in the physical custody of the BOP," "cannot request compassionate release from the BOP warden[,] and thus cannot appeal the BOP's decision or wait the thirty days." (Doc. # 646, at 4.)  Defendant cites a Government filing in *United States v. Gentry*, Crim. No. 2:19-cr-78-CCC (D.N.J. April 5, 2020), ECF No. 98, in support of his argument.  Mr. Gentry was likewise imprisoned in a non-BOP facility when he filed for compassionate release. (Doc. # 646-1, at 1.)  The filing stated the Government's position that Mr. Gentry had exhausted his rights because the "BOP

3

ha[d] informed [both parties] that it won't move for a reduction in his sentence. That is because BOP cannot evaluate Gentry for compassionate release until he is in BOP's physical custody." (Doc. # 646-1, at 2.) However, Mr. Gentry's circumstances are distinguishable because he, unlike Mr. Tallie, affirmatively sought and received the BOP's position on whether it would move for his release. *See id.*; Memorandum of Law in Support of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582c)1)(A)(i), *United States v. Gentry*, Crim. No. 2:19-cr-78-CCC (D.N.J. March 31, 2020), ECF No. 95. Mr. Tallie has not alleged any attempt to ascertain the BOP's opinion regarding his case. Therefore, Mr. Tallie has not adequately alleged exhaustion, and his alternative argument that this court should excuse his failure (Doc. # 646, at 5–6) is meritless.

### B. Mr. Tallie has not demonstrated "extraordinary and compelling reasons" warranting a sentence reduction.

Congress has never defined "extraordinary and compelling" in the compassionate release context and instead directed the United States Sentencing Commission to describe which circumstances qualify. *See* 28 U.S.C. § 994(t). The "applicable policy statement" with which relief under § 3582(c)(1)(A) must be consistent is U.S.S.G. § 1B1.13 cmt. n.1. In that policy statement, the Sentencing Commission provides three types of specific circumstances that would entitle a defendant to relief: (A) a medical condition of the defendant substantially reduces his ability to provide self-care in prison, (B) the advanced age of the defendant, and (C) the defendant's family circumstances. In apparent acknowledgment that the three enumerated circumstances would not capture all situations where compassionate release is appropriate, the Commission also included a 'catchall' provision where the Director of

> the BOP finds "other reasons" exist that are "extraordinary and compelling." U.S.S.G. § 1B1.13 cmt. n.1(D).

*United States v. McCall*, No. 2:18-cr-95-MHT, 2020 U.S. Dist. LEXIS 102095, at *5–6 (M.D. Ala. June 4, 2020).  The catchall provision, which gives authority to the BOP, rather than to courts, to determine whether non-enumerated reasons may warrant release, has not been updated since the passage of the First Step Act, Pub. L. No. 115-391, which expanded § 3582(c)(1)(A) to permit prisoners to bring motions on their own behalf.  *See id.* at *6–7.

The questions of whether potential COVID-19 exposure may, under some circumstances, present an extraordinary and compelling reason to grant release and whether the catchall provision still limits the court's authority in light of its inconsistency with subsequent statutory amendments need not be decided at present.  Even if both questions were answered in Defendant's favor, his motion would still be denied.

Mr. Tallie asserts that "he suffers medical issues concerning his kidney, back and nerves, which cumulatively, make his confinement particularly dangerous to his health."  (Doc. # 646, at 14.)  However, he has not provided any medical documentation substantiating these conditions.  Without evidence of any medical conditions making him particularly susceptible to complications from the disease and without allegations of a major outbreak at the Montgomery County Jail, the

presence of COVID-19 cases alone is not an extraordinary and compelling reason warranting release. Therefore, Mr. Tallie has not met his burden of showing that extraordinary and compelling reasons support his release.

**C.    The 18 U.S.C. § 3553(a) factors weigh against granting a sentence reduction.**

"Section § 3582 requires that a court contemplating a sentence reduction consider the § 3553(a) factors where applicable." *Mollica*, 2020 U.S. Dist. LEXIS 94094, at *6 (citing 18 U.S.C. § 3582(c)(1)(A)). These factors weigh against granting release.

Mr. Tallie's original crime of conviction was a serious, violent offense for which he received a below-guidelines sentence. He has a lengthy criminal history. Mr. Tallie was successful on supervision for nearly two years before the Probation Office first petitioned to revoke his release in mid-2019 for possession of ammunition and drug paraphernalia and for changing residences without notifying his probation officer. (Docs. # 576, 602.) On October 25, 2019, that first petition was dismissed to give Mr. Tallie one more chance to succeed. (Doc. # 620.) Instead of seizing this opportunity, Mr. Tallie stopped reporting for drug testing within 31 days, and within 53 days, he was arrested after being found in a vehicle with crack cocaine (some of which he consumed in an attempt to conceal it). (Doc. # 636.) This conduct resulted in his revocation and present incarceration. (Doc. # 639.)

The court has given Mr. Tallie multiple opportunities to demonstrate his ability to abide by the law, and it has reason to doubt Mr. Tallie's likelihood of compliance with home confinement restrictions. A sentence reduction is unwarranted due to the nature and circumstances of the offense; the history and characteristics of Defendant; and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct. *See* § 3553(a)(1), (2).

## IV. CONCLUSION

Defendant has failed to exhaust his administrative rights and to provide evidence showing that extraordinary and compelling reasons support his release. Additionally, the § 3553(a) factors weigh against his motion. Accordingly, it is ORDERED that Defendant's motion (Doc. # 645) is DENIED.

DONE this 24th day of June, 2020.

                                         /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE